**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION, | ) ) | 1:09-cv-1190 OWW SKO |
| | ) | **FINAL PRETRIAL ORDER** |
| Plaintiff, | ) ) | Motion in Limine Date: |
| v. | ) ) | 3/17/11 12:00 Ctrm. 3 |
| BURTON OLSON TRUCKING COMPANY, JOSE MARTINEZ, E.M. THARP, INC., | ) ) ) | Trial Date:  3/29/11 9:00 Ctrm. 3 (JT-12 days) |
| Defendants. | ) ) | |
| _____ | ) | |

## I.   JURISDICTION AND VENUE

1.    This Federal Court has original jurisdiction over the claims against defendant National Railroad Passenger Corporation ("Amtrak") because it was incorporated by an Act of Congress (45 U.S.C. §§ 501, et seq.) and the United States of America owns more than 50% of Amtrak's capital stock (28 U.S.C. § 1349).  (*In Re Rail Collision Near Chase, Maryland* (D. Md. 1987) 680 F.Supp. 728, 731.)

2.    BNSF claims jurisdiction under 28 U.S.C. § 1367 (diversity).

3.    No party contests jurisdiction or venue.

///

1

## II.   JURY/NON-JURY

1.   All parties have demanded a jury trial of all issues.

### III.   FACTS

**A.   <u>Undisputed Facts</u>**

a.   Amtrak is chartered under the laws of the District of Columbia and has its principal place of business in the District of Columbia.  Amtrak is authorized by Congress to engage in business in the State of California as a rail passenger carrier.

b.   BNSF is a Delaware corporation with its principal place of business in Fort Worth, Texas.  BNSF operates a railroad business throughout the United States, including the State of California.

c.   Burton Olson is a sole proprietorship that maintains its principal place of business in the City of Kingsburg, Fresno County, California.  It was the employer of Martinez at the time of the accident.

d.   Martinez is an individual and is a resident of the City of Tipton, Tulare County, State of California.  He was an employee of Burton Olson at the time of the accident.

e.   E.M. Tharp, Inc. is a corporation licensed to do business in the State of California.  E.M. Tharp, Inc. maintains its principal place of business in the City of Porterville, Tulare County, California.

f.   The case concerns a collision that occurred May 28, 2008, at the railroad crossing located at Kansas Avenue, near Tenth Avenue, Hanford, Kings County, California.

g.   The railroad crossing has two sets of tracks—the

2

1   BNSF main line and a siding.  The main line runs generally
2   north/south and Kansas Avenue runs generally east/west.

3       h.   The main line is a Class 5 track with maximum
4   authorized timetable speed of 79 mph.

5       i.   The accident involved a tractor trailer owned by
6   Burton Olson, driven by Martinez; a passenger train operated by
7   Amtrak; and a freight train owned and operated by BNSF.

8       j.   Martinez was driving the tractor trailer westbound
9   on Kansas Avenue.  The Amtrak train was traveling northbound on
10  the main line.  The BNSF freight train was stationary, facing
11  southbound, in the siding to the east of the mainline.

12      k.   The subject railroad crossing was equipped with
13  the following train activated warning devices: mast-mounted
14  flashing lights, automatic gates, and gongs.  Prior to the
15  incident the tractor and dolly had been serviced by E.M. Tharp,
16  Inc.

17      l.   For westbound traffic on Kansas Avenue, there are
18  two yellow warning signs, one approximately 960 feet east of the
19  tracks, and the other one approximately 560 east of the tracks.
20  These warning signs advise westbound traffic that there are two
21  railroad tracks ahead and to prepare to stop when the warning
22  devices start flashing.

23      m.   The tractor trailer collided with the northbound
24  Amtrak train, broad siding the locomotive and causing one of its
25  passenger cars to derail.  The derailed passenger car then
26  sideswiped the stopped BNSF locomotive.

27      n.   There is no contributory negligence on the part of
28  Amtrak or BNSF.

                                3

1            o.    Amtrak sustained damages to one locomotive and

2    four cars.

3            p.    Amtrak performed in-house mechanical repairs on

4    Units 8205, 8011 and 8801.

5            q.    Amtrak contracted with Alstom (independent repair

6    facility) to repair aspects of Units 8205, 8011 and 8801.

7            r.    BNSF owned the property on which the tracks at the

8    crossing were located.  BNSF and independent contractors it

9    retained re-railed the Amtrak train and made repairs to the

10   tracks and equipment at the crossing as a result of the accident.

11           s.    BNSF locomotives 112 and 160 were damaged in the

12   accident and were repaired at BNSF facilities at Barstow,

13   California, and Topeka, Kansas.

14   **B.    Disputed Facts**

15       1.    The scope of work requested by Burton Olson of E.M.

16   Tharp, with respect to repair work.

17           b.    The actual scope of repair, service and inspection

18   performed by E.M. Tharp.

19           c.    Whether Burton Olson requested E.M. Tharp to

20   conduct a thorough inspection of the tractor and dolly when it

21   brought the tractor trailer for service on May 8, 2008.

22           d.    Whether the automatic slack adjusters on the

23   tractor were defective and in need of replacement when it was

24   brought to E.M. Tharp on May 8, 2008.

25           e.    Whether E.M. Tharp performed any brake work on

26   axle 2, passenger's side, of the tractor while being serviced in

27   May 2008.

28           f.    Whether E.M. Tharp performed any brake service

**4**

1 relating on axle 1, of the tractor while being serviced in May
2 2008.

3    g.    Whether E.M. Tharp performed any brake work on
4 axle 3 of the dolly while being serviced in May 2008.

5    h.    The scope of Martinez's pre-trip/operation
6 inspection.

7    i.    Whether employees of Burton Olson performed the
8 required pre-trip/operation inspections of Burton Olson
9 equipment.

10    j.    Whether Burton Olson performed proper maintenance
11 of its equipment.

12    k.    Whether Burton Olson employees inspected the
13 brakes on the tractor trailer after E.M. Tharp's service in May
14 2008.

15    l.    Whether Burton Olson employees adjusted the brakes
16 on the tractor trailer after E.M. Tharp's service in May 2008.

17    m.    Whether Burton Olson enforced a company protocol
18 for inspecting equipment prior to daily operation.

19    n.    Whether the repair damages claimed by Amtrak, were
20 reasonable, necessary and actually performed.

21    o.    Whether the repair damages claimed by BNSF were
22 reasonable, necessary and actually performed.

23              IV.   DISPUTED EVIDENTIARY ISSUES

24    1.    Plaintiffs Amtrak and BNSF:

25    a.    The ability of E.M. Tharp and Burton Olson's
26 expert witnesses to testify on issues including, but not limited
27 to, causation.

28    b.    The admissibility of certain regulations and

                              5

1   standards relating to the condition of the brakes on the subject

2   tractor-trailer.

3          c.    Whether the testimony of defendants' experts meet

4   the standards held in *Daubert v. Merrell Dow Pharmaceuticals,*

5   *Inc.* (1993) 509 U.S. 579.

6       These issues will be addressed by motions in limine.

7       Defendant Burton Olson:

8          a.    Burton Olson and Martinez will object to the use

9   of estimates of repair costs on grounds of relevance.  It is

10  their understanding that the repairs have been made.  Thus the

11  estimate of these repair costs by Mr. Yeaser is not relevant.

12      Defendant E.M. Tharp:

13         a.    E.M. Tharp objects to the use of estimates of

14  repair costs on grounds of relevance, speculation, and best

15  evidence.

16         b.    E.M. Tharp objects to the claimed damages of

17  Amtrak and BNSF as they claim prejudgment interest prior to

18  suffering the monetary loss and for items of damages for which

19  prejudgment interest is not recoverable.

20         c.    E.M. Tharp objects that evidence and documents

21  which were demanded for production were not produced in a timely

22  manner and withheld.  They were not produced for use by Burton

23  Olson, Martinez or E.M. Tharp's damage expert prior to

24  preparation of his expert analysis.

25         d.    The ability of Amtrak and BNSF experts to testify

26  on any issues including, but not limited to, causation.

27         e.    Whether the testimony of plaintiffs' experts meet

28  the standards held in *Daubert v. Merrell Dow Pharmaceuticals,*

1  *Inc.* (1993) 509 U.S. 579.

2  ## V.   SPECIAL FACTUAL INFORMATION

3  1.   See Undisputed Facts and Disputed Factual Issues above.

4  ## VI.   RELIEF SOUGHT

5  a.   <u>Amtrak</u> is claiming damages for equipment repair,

6  loss of use of equipment, train delay, reimbursement of passenger

7  injury settlements, work element costs and prejudgment interest.

| | |
|---|---|
| Equipment Damage (completed repairs by Alstom) | $1,566,330 |
| Equipment Damage (completed repairs by Amtrak) | $187,041 |
| Damage Estimate (yet-to-be-completed repairs) | $120,809 |
| Loss of Use | $185,880 |
| Debt Service | $19,230 |
| Passenger Inconvenience | $ 3,572 |
| Passenger Settlements | $52,097 |
| Amtrak General & Administrative Expense (6.54%) | $123,523 |
| TOTAL | $2,258,482 |
| Pre-judgment Interest | $640,419 |
| TOTAL | $2,898,901 |

16  Amtrak is entitled to prejudgment interest under Civil Code

17  § 3287, subd. (a) since its damages are certain or capable of

18  being made certain by calculation.  Civil Code § 3287, subd. (a)

19  applies to tort actions for property damage.  *Levy-Zenter Co. v.*

20  *Southern Pac Transportation Co.* (1977) 74 Cal.App.3d 762, 769-

21  770.  Prejudgment interest stated above was calculated at the

22  legal rate of 10% under Civil Code § 3289 from the date of the

23  accident, May 28, 2008 to the date of trial, March 29, 2011

24  (1,035 days).

25  b.   <u>BNSF</u> is claiming damages for labor, materials,

26  train delay, incentive payments to employees and other losses as

27  follows:

28

7

```
Maintenance of Way Labor              $40,859.68
Maintenance of Way Material           $59,380.60
Material Tax, Handling, and Freight   $10,457.99
Material Credit                         (272.65)
Invoice Payments                      $51,389.30
Locomotives-damaged                   $47,828.01
Locomotives-transportation to        $ 8,379.21

 shop(s)
Locomotives-monthly minimum mileage   $18,683 .20
Locomotives loss of use/opportunity  $151,939 .20
Train/Locomotive Delay and Related    $24,145.11

Crew Expenses
Amtrak Incentives                      $6,500.00
SUBTOTAL LABOR, MATERIAL AND OTHER                 $419,289.65

CHARGES
Payments to Gerardo Urzua
Advance payment                        $8,850
    Medical payments                      $98
    Total payments to Gerardo          $8,948

Urzua
Payments to Victor Baca
Advance payment                       $11,500.00
Medical payments                       $1,620.35
    Total payments to Victor Baca     $ 13,120.35
Payments to Phil Patterson
    Advance payment                   $38,275
    Medical payments                 $160,314.15
    Total payments to Phil           $ 198,589.15

Patterson
SUBTOTAL PAYMENTS TO EMPLOYEES                     $220,657.50
Pre-judgment Interest                              $181,464.46
TOTAL                                              $821,411.61
```

BNSF is entitled to prejudgment interest under Civil Code §
3287, subd. (a) since its damages are certain or capable of being
made certain by calculation.  Civil Code § 3287, subd. (a)
applies to tort actions for property damage.  *Levy-Zenter Co. v.
Southern Pac Transportation Co.* (1977) 74 Cal.App.3d 762, 769-
770.  Prejudgment interest stated above was calculated at the
legal rate of 10% under Civil Code § 3289 from the date of the
accident, May 28, 2008 to the date of trial, March 29, 2011
(1,035 days).

1          c.   **Burton Olson and Martinez**: Amtrak is claiming

2   damage in the amount of $2,064,126.27 which includes

3   $1,800,000.00 for repairs; $185,000.00 for loss of equipment and

4   $19,230 as Debt Service.  BNSF is claiming damages in the amount

5   of $226,348.55 which includes $57,828.01 for repair of two

6   locomotives; $151,939.20 for loss of use; $16,581.34 for mileage

7   cost; and $161,000 for track repairs.  Defendants have retained

8   expert Doug Morgan of Railroad Industries, Inc. to evaluate both

9   the Amtrak and BNSF claims.

10       As to the Amtrak claim, Mr. Morgan states that the

11  photographs of the property do not depict damage severe enough to

12  warrant such a high figure.  Further, the cost of repairs comes

13  from estimates and appraisals and not actual invoices.  As to the

14  loss of equipment ($185,000), Mr. Morgan states that this claim

15  has not been proven or substantiated and that charges should be

16  based upon actual repair time and not "shop" time which could

17  easily delay repair time.

18       With regards to the BNSF claim, Mr. Morgan disputes the loss

19  of use claim ($151,939.20).  He states that BNSF is unable to

20  prove that it was inconvenienced in that there are a number of

21  stored serviceable locomotives that could have been used.  As to

22  the mileage cost ($16,581.34), Mr. Morgan is of the opinion that

23  this is really just an attempt at double billing.

24       In conclusion, Mr. Morgan stated that the costs and claims

25  of both Amtrak and BNSF could have been reduced by over 50%.

26              **VII.   DISPUTED ISSUES OF LAW**

27  A.  **Plaintiffs**

28       1.   The legal theories by plaintiffs against defendants

**9**

Martinez, Burton Olson Trucking, and E.M. Tharp are based on basic claims of negligence, violations of applicable standards of care for a tractor-trailer operator, owner, trucking company and maintenance facility.  The theories against the defendants are based upon common law and statutory law.  The statutory and regulatory violations include, but are not limited to, Commercial Vehicle Safety Alliance (CVSA) North American Standard Out-of-Service Criteria, as adopted 13 CCR § 1239 and California Vehicle Code § 24002.

## VIII.  ABANDONED ISSUES

1.    None.

## IX.  WITNESSES

A.    <u>Plaintiffs</u>

1.    Desl Rementeria
      Alstom Employee

2.    Tommy Aspinwall
      Alstom Employee

3.    Linda Cunningham
      Alstom Contracts Manager

4.    Ivan Iosif
      Amtrak Employee

5.    Richard Campbell
      Amtrak Employee

6.    Richard Olson
      Amtrak Employee

7.    William Countess
      Amtrak Employee

8.    Nancy Miller
      Amtrak Employee

9.    Robert Cooley, Jr.
      Amtrak Employee

10.   Steve Wong
      Amtrak Employee

11.  **Brad Queen**
     Barstow

12.  **Ralph Hunt**
     Barstow

13.  **Dennis Skeels**
     BNSF Employee

14.  **Gabriel Chavez**
     BNSF Employee

15.  **April Bacon**
     BNSF Employee

16.  **Augustine Moreno**
     BNSF Employee

17.  **Clarence P. Newell**
     BNSF Employee

18.  **Daniel Rivera**
     BNSF Employee

19.  **Gerry Urzua**
     BNSF Employee

20.  **James C. Newell**
     BNSF Employee

21.  **Ken Schoenborn**
     BNSF Employee

22.  **M.L. Koogler**
     BNSF Employee

23.  **Mary Jo Struttman**
     BNSF Employee

24.  **Phil Patterson**
     BNSF Employee

25.  **Shaun Lewis**
     BNSF Employee

26.  **Victor Baca**
     BNSF Employee

27.  **Ward Greisen**
     BNSF Employee
     Barstow

28.  **Curtis Meyer**
     BNSF Employee
     Topeka

29. **Rick Galvan**
    BNSF Employee
    Topeka

30. **Mary Jo Struttman**
    BNSF Employee; expert

31. **Burton Olson**
    Burton Olson

32. **Jose Juan Martinez**
    Burton Olson

33. **Jose Rosas**
    Burton Olson

34. **Luz Collins**
    Burton Olson

35. **Mike Munoz**
    Burton Olson

36. **Sebrino Piceno**
    Burton Olson

37. **Sharon Olson**
    Burton Olson

38. **John Willbanks**
    Burton Olson (former employee)

39. **Guillen Ezekiel**
    California Highway Patrol

40. **Officer R. Chennault**
    California Highway Patrol
    (Commercial), Badge 11522

41. **Stephen Profera**
    California Highway Patrol (MAIT), ID A6477

42. **Marvin Sprinkman**
    California Highway Patrol (MAIT), ID A8248

43. **Officer E. Guillen**
    California Highway Patrol, Badge 011336

44. **Officer B. O'Dell**
    California Highway Patrol, Badge 12177

45. **Sergeant Dan Gilmore**
    California Highway Patrol, Badge 13686

46. **Officer J. Lehner**
    California Highway Patrol, Badge 13808

12

47. Andy Morse
    CalTrans

48. Dennis Winger
    CalTrans

49. Aaron Johnson
    E.M. Tharp

50. Brian Norden
    E.M. Tharp

51. Dean Rector
    E.M. Tharp

52. Dennis Waggoner
    E.M. Tharp

53. Edward Rockholt
    E.M. Tharp

54. Scott Hobson
    E.M. Tharp

55. Tim Mulvihill
    E.M. Tharp

56. Joshua Nice
    E.M. Tharp (former employee [mechanic])

57. William LeGette
    E.M. Tharp (former employee [mechanic])

58. Jeff Landstrom
    E.M. Tharp Mechanic

59. William Lawhead
    E.M. Tharp Parts Manager

60. Eric Metzler
    E.M. Tharp Service Coordinator

61. James Angle
    E.M. Tharp Shop Foreman

62. Ashley Dunn, Ph.D.
    Expert

63. Charles Yeaser
    Expert

64. Douglas Morgan
    Expert

///

65. James Flynn, PE
    Expert

66. Lew Grill
    Expert

67. V. Paul Herbert, C.P.S.A.
    Expert

68. Jesus Rojo
    18026 10th Avenue
    Hanford
    Neighbor, witness

69. Karen Schaefer
    United Healthcare

B.   BNSF's Witness List

1.   Jose Juan Martinez
     Burton Olson Trucking

2.   Sharon Olsen
     Burton Olson Trucking

3.   M.L. Koogler
     BNSF Employee

4.   Mary Jo Struttman
     BNFS Employee

5.   Phil Patterson
     BNSF Employee

6.   Victor Baca
     BNSF Employee

7.   Gerry Urzua
     BNSF Employee

8.   James C. Newell
     BNSF Employee

9.   Clarence P. Newell
     BNSF Employee

10.  Augustine Moreno
     BNSF Employee

11.  Daniel Rivera
     BNSF Employee

///

///

14

12. Jesus Rojo
    18026 10th Ave.
    Hanford
    Neighbor, witness

13. Officer E. Guillen
    Badge 011336, California Highway Patrol

14. Officer J. Lehner
    Badge 13808, California Highway Patrol

15. Officer B. O'Dell
    Badge 12177, California Highway Patrol

16. Sergeant D. Gilmour
    Badge 13686, California Highway Patrol

17. Officer R. Chennault
    Badge 11522, California Highway Patrol (Commercial)

18. Marvin Sprinkman
    ID A8248, California Highway Patrol (MAIT)

19. Stephen Profera
    ID A6477, California Highway Patrol (MAIT)

20. Robert Cooley, Jr.
    Amtrak employee

21. Steve Wong
    Amtrak employee

22. James Flynn, PE
    Expert

23. V. Paul Herbert, C.P.S.A.
    Expert

24. Mary Jo Struttman
    BNSF employee; expert

25. Ralph Hunt
    Barstow

26. Brad Queen
    Barstow

27. Charles Yeaser
    Expert

28. Ashley Dunn, Ph.D.
    Expert

29. Lew Grill
    Expert

30. Jeff Landstrom
    E.M. Tharp mechanic

31. William LeGette
    E.M. Tharp (former employee [mechanic])

32. John Willbanks
    Burton Olson former employee

33. Jonathan Nice
    E.M. Tharp (former employee [mechanic])

34. Jim Angle
    E.M. Tharp shop foreman

35. Eric Metzler
    E.M. Tharp service coordinator

36. William Lawhead
    E.M. Tharp parts manager

37. Sebrino Piceno
    Burton Olson

38. Mike Munoz
    Burton Olson

39. Karen Schaefer
    United Healthcare

40. Rick Galvan
    BNSF employee, Topeka

41. Scott Hobson
    E.M. Tharp

42. Brian Norden
    E.M. Tharp

43. Dean Rector
    E.M. Tharp

44. Dennis Waggoner
    E.M. Tharp

45. Edward Rockholt
    E.M. Tharp

46. Aaron Johnson
    E.M. Tharp

47. Tim Mulvihill
    E.M. Tharp

///

16

48. Jose Rosas
    Burton Olson

49. Luz Collins
    Burton Olson

50. Ken Schoenborn
    BNSF employee

51. Shaun Lewis
    BNSF employee

52. April Bacon
    BNSF employee

53. Curtis Meyer
    BNSF employee, Topeka

54. Ward Greisen
    BNSF employee, Barstow

C.    **Burton Olson's and Martinez's Witness List**

1. Jose Juan Martinez
   Burton Olson Trucking

2. Sharon Olson
   Burton Olson Trucking

3. M.L. Koogler
   BNSF Employee

4. Mary Jo Struttman
   BNSF Employee

5. Phil Patterson
   BNSF Employee

6. Victor Baca
   BNSF Employee

7. Gerry Urzua
   BNSF Employee

8. James C. Newell
   BNSF Employee

9. Clarence P. Newell
   BNSF Employee

10. Augustine Moreno
    BNSF Employee

11. Daniel Rivera
    BNSF Employee

17

12. Jesus Rojo
    18026 10th Ave.
    Hanford
    Neighbor, witness

13. Officer E. Guillen
    Badge 011336, California Highway Patrol

14. Officer J. Lehner
    Badge 13808, California Highway Patrol

15. Officer B. O'Dell
    Badge 12177, California Highway Patrol

16. Sergeant D. Gilmour
    Badge 13686, California Highway Patrol

17. Officer R. Chennault
    Badge 11522, California Highway Patrol (Commercial)

18. Marvin Sprinkman
    ID A8248, California Highway Patrol (MAIT)

19. Stephen Profera
    ID A6477, California Highway Patrol (MAIT)

20. Robert Cooley, Jr.
    Amtrak employee

21. Steve Wong
    Amtrak employee

22. James Flynn, PE
    Expert

23. V. Paul Herbert, C.P.S.A.
    Expert

24. Mary Jo Struttman
    BNSF employee; expert

25. Ralph Hunt
    Barstow

26. Brad Queen
    Barstow

27. Charles Yeaser
    Expert

28. Ashley Dunn, Ph.D.
    Expert

29. Lew Grill
    Expert

18

30.  **Jeff Landstrom**
     E.M. Tharp mechanic

31.  **William LeGette**
     E.M. Tharp (former employee [mechanic])

32.  **John Willbanks**
     Burton Olson former employee

33.  **Jonathan Nice**
     E.M. Tharp (former employee [mechanic])

34.  **Jim Angle**
     E.M. Tharp shop foreman

35.  **Eric Metzler**
     E.M. Tharp service coordinator

36.  **William Lawhead**
     E.M. Tharp parts manager

37.  **Sebrino Piceno**
     Burton Olson

38.  **Mike Munoz**
     Burton Olson

39.  **Karen Schaefer**
     United Healthcare

40.  **Rick Galvan**
     BNSF employee, Topeka

41.  **Scott Hobson**
     E.M. Tharp

42.  **Brian Norden**
     E.M. Tharp

43.  **Dean Rector**
     E.M. Tharp

44.  **Dennis Waggoner**
     E.M. Tharp

45.  **Edward Rockholt**
     E.M. Tharp

46.  **Aaron Johnson**
     E.M. Tharp

47.  **Tim Mulvihill**
     E.M. Tharp

*///*

48. **Jose Rosas**
Burton Olson

49. **Luz Collins**
Burton Olson

50. **Ken Schoenborn**
BNSF employee

51. **Shaun Lewis**
BNSF employee

52. **April Bacon**
BNSF employee

53. **Curtis Meyer**
BNSF employee, Topeka

54. **Ward Greisen**
BNSF employee, Barstow

55. **Investigating Personnel**
United States Department of Transportation
Federal Railroad Administration

D.   **E.M. Tharp's Witness List**

1.   Scott Hobson

2.   James Angle

3.   Eric Metzler

4.   Dean Rector

5.   Jeffrey Landstrom

6.   Edward Rockholt

7.   Tim Mulvihill

8.   Brian Nordin

9.   Dennis Waggoner

10.  William LeGette

11.  Aaron Johnson

12.  Jose Juan Martinez

13.  Jesus Rojo

14.  Joe Bernardino Morais

20

15. Tony Rocha Parreira

16. Officer Ezekiel Guillen

17. Officer Bill O'Dell

18. Officer J. Lehner

19. Sergeant Damon Gilmore

20. Marvin Sprinkman

21. Steven Profera

22. John Willbanks

23. Jared Lehner

24. Sharon Olson

25. Burton Olson

26. William Lawhead

27. Mary Jo Struttman

28. Nancy Miller

29. Ashley Dunn, Ph.D.

30. Lew Grill

31. Mike Munoz

32. Douglas B. Morgan

33. Paul Herbert

34. Jim Flynn

35. Charles Yeaser

36. Officer R.L. Chennault

Counsel are each ordered to submit a list of witnesses to the court along with a copy for use by the Courtroom Deputy Clerk, on the same date and at the same time as the list of exhibits are to be submitted as ordered below.

**CAUTION**

Counsel are cautioned that expert witnesses, including

percipient experts, must be designated as such.  No witness, not

identified as a witness in this order, including "rebuttal"

witnesses, will be sworn or permitted to testify at trial.

### X.  EXHIBITS, SCHEDULES AND SUMMARIES

The following is a list of documents or other exhibits that

the parties expect to offer at trial.

CAUTION

Only exhibits so listed will be permitted to be offered into

evidence at trial, except as may be otherwise provided in this

order.  No exhibit not designated in this pretrial order shall be

marked for identification or admitted into evidence at trial.

A.  Plaintiff Amtrak's Exhibit List

1.  CHP Traffic collision report and supplemental MAIT

report.

2.  U.S. DOT Crossing Inventory Information as of 6/4/2008.

3.  Federal Railroad Administration Form F6180.97 - BNSF

Railway Company Highway/Rail Grade Crossing Accident/Incident.

4.  BNSF General Track Bulletin No. 27235.

5.  Two (2) photos of crossing arm post-accident.

6.  One-hundred seventy-seven (177) photos of the accident

scene, including the involved truck and trains, taken by BNSF.

7.  Seventy-four (74) photos of the accident scene,

including the involved truck and trains, taken by Amtrak.

8.  BNSF Resource Operations Center Ticket Report dated

5/28/2008.

9.  BNSF Signal Ticket Report dated 5/28/2008.

10.  BNSF Highway Grade Crossing Signal Post-Accident Test

Check List.

1     11.   BNSF Signal Maintenance and Repair Records for the
2  subject crossing, dated June 2007 through May 2008.

3     12.   BNSF Bakersfield Subdivision Track Chart.

4     13.   BNSF Spreadsheet detailing FRA track inspections
5  (1/1/2007 to 5/29/2008).

6     14.   Appraisal Systems Group Damage Appraisal Reports for
7  Amtrak Unit 148.

8     15.   Appraisal Systems Group Damage Appraisal Reports for
9  Amtrak Unit C8205.

10     16.   Appraisal Systems Group Damage Appraisal Reports for
11  Amtrak Unit C8011.

12     17.   Appraisal Systems Group Damage Appraisal Reports for
13  Amtrak Unit C8801.

14     18.   Appraisal Systems Group Damage Appraisal Reports for
15  Amtrak Unit C8314.

16     19.   Passenger Settlements List.

17     20.   Settlement documents relating to injured-passenger
18  claims.

19     21.   Data retrieved from the Locomotive Event Recorder of
20  Amtrak Unit 148.   (Specialized software is required to interpret
21  this data.   The software is not available to the public.   Amtrak
22  had the data analyzed by one of their consultants.   Defendants
23  will produce the report of the consultant if Plaintiff and Co-
24  Defendants agree such production shall not be considered as a
25  waiver of the attorney client or work product privilege.)

26     22.   Select Voucher Invoice No. 72201547 (Payment to
27  Alstom).

28     23.   Select Voucher Invoice No. 72201542 (Payment to

1  Alstom).

2      24.  Select Voucher Invoice No. 72201544 (Payment to

3  Alstom).

4      25.  Select Voucher Invoice No. 72201545 (Payment to

5  Alstom).

6      26.  Select Voucher Invoice No. 72201546 (Payment to

7  Alstom).

8      27.  Select Voucher Invoice No. 72201541 (Payment to

9  Alstom).

10      28.  Amtrak's Charter Rates.

11      29.  Debt Service Spreadsheet for Locomotive.

12      30.  Purchase Order for Alstom.

13      31.  Amtrak's Summary of Expenses.

14      32.  Summary Alstom Repair Expenses.

15      33.  Alstom Invoice 722015 - 41 Car 8801.

16      34.  Alstom Invoice 722015 - 42 Car 8011.

17      35.  Alstom Invoice 722015 - 44 Car 8011.

18      36.  Alstom Invoice 722015 - 45 Car 8205.

19      37.  Alstom Invoice 722015 - 46 Car 8205.

20      38.  Alstom Invoice 722015 - 47 Car 8205.

21      39.  Amtrak Loss of Use Calculations.

22      40.  Amtrak Equipment Rental Rates for Charter Services.

23      41.  Alstom Repair Quote for Car 8011.

24      42.  Alstom Repair Quote for Car 8205.

25      43.  Alstom Repair Quote for Car 8801.

26      44.  Amtrak Passenger Inconvenience Expenses.

27      45.  J2 Engineering Report.

28      46.  ASG (Appraisal Systems Group) Damage Appraisal.

24

47.   Gunite Automatic Slack Adjuster Parts Catalog.

48.   Gunite Automatic Slack Adjuster Maintenance and Troubleshooting Guide.

49.   Gunite Service Bulletin (brake adjustment, testing procedure).

50.   Accident scene sketch 5/30/08, M. Koogler.

51.   Traffic Collision Report #2008 05 0063 5/28/08, including diagrams.

52.   Multidisciplinary accident investigation team report #2008 05 0063, including charts, photos and diagrams.

53.   BNSF photos of gate, scene, quad, train and related matters.

54.   Amtrak Groups A-E, photos of scene, train and related matters.

55.   Burton Olson photos of scene, train, vehicle and related matters.

56.   CHP photos of scene, train, vehicle and related matters.

57.   CHP (MAIT) photos of vehicle and related matters.

58.   Report of inspection, 5/28/08, A. Moeno, BNSF locomotive 11.

59.   Report of inspection, 5/28/08, A. Moeno, BNSF locomotive 11.

60.   BNSF Daily Performance Report, 5/28/08.

61.   BNSF Event log, 5/28/08.

62.   BNSF 112 locomotive records, including locomotive work report history.

63.   BNSF 160 locomotive records, including locomotive work

report history.

64.  Burton Olson documents OBT #0001-9254.

65.  J2 Engineering exhibits.

66.  Western Motor Carrier exhibits.

67.  E.M. Tharp document, vehicle condition history.

68.  E.M. Tharp documents, workman's time, ticket & record.

69.  E.M. Tharp documents, labor reconciliation 5/10-15/08.

70.  E.M. Tharp documents, repair order PR 70000.

71.  E.M. Tharp documents, mechanic notes PR 70000.

72.  Accident scene sketch 5/30/08, M. Koogler.

73.  Traffic Collision Report #2008 05 0063 5/28/08, including diagrams.

74.  Multidisciplinary accident investigation team report #2008 05 0063, including charts, photos and diagrams.

75.  BNSF photos of gate, scene, quad, train and related matters.

76.  Amtrak Groups A-E, photos of scene, train and related matters.

77.  Burton Olson photos of scene, train, vehicle and related matters.

78.  CHP photos of scene, train, vehicle and related matters.

79.  CHP (MAIT) photos of vehicle and related matters.

80.  Report of inspection, 5/28/08, A. Moeno, BNSF locomotive 160.

81.  Report of inspection, 5/28/08, A. Moeno, BNSF locomotive 112.

82.  BNSF Daily Performance Report, 5/28/08.

26

83.  BNSF Event log, 5/28/08.

84.  BNSF 112 locomotive records, including locomotive work report history.

85.  BNSF 160 locomotive records, including locomotive work report history.

86.  Burton Olson documents BOT #0001-9254.

87.  E.M. Tharp Reprint.

88.  E.M. Tharp Reprint Customer Invoice.

89.  E.M. Tharp Mechanic Notes.

90.  E.M. Tharp Rule 26 disclosure.

91.  E.M. Tharp Initial Write-up for repairs 5/8/08.

92.  E.M. Tharp list of items working copy for mechanics EMT 27-34.

93.  E.M. Tharp list of items working copy for mechanics.

94.  E.M. Tharp Vehicle Condition History.

95.  E.M. Tharp Mechanics Timed Ticket and Record.

96.  E.M. Tharp labor reconciliation 5/10-15/08.

97.  E.M. Tharp Vehicle Condition History.

98.  E.M. Tharp Mechanics Timed Ticket and Record.

99.  E.M. Tharp labor reconciliation 5/10-15/08.

100. E.M. Tharp Response to Requests to Admission from Amtrak, Set One.

101. E.M. Tharp Response to Interrogatories/Admission from Amtrak, Set Two.

102. E.M. Tharp Response to Interrogatories from Amtrak, Set One.

103. E.M. Tharp Response to Requests for Admission from Amtrak, Set Two.

104. E.M. Tharp Response to Requests to Admission from Amtrak, Set Three.

105. E.M. Tharp Response to Request for Production of Documents from Amtrak, Set One.

106. E.M. Tharp Response to Request for Production of Documents from Amtrak, Set Two.

107. E.M. Tharp Response to Request for Production of Documents from Amtrak, Set Three.

108. E.M. Tharp Vehicle Condition History.

109. E.M. Tharp Mechanics Timed Ticket and Record EMT 52-64.

110. E.M. Tharp labor reconciliation 5/10-15/08.

111. Releases & Settlement Checks paid to Passengers.

112. E.M. Tharp's Production of Documents.

113. Report and file materials of E.M. Tharp/Burton Olson Trucking Expert Al Dunn and SEA Inc.

114. Report and file materials of E.M. Tharp/Burton Olson Trucking Expert Lew Grill.

115. Report and file materials of E.M. Tharp/Burton Olson Trucking Expert Doug Moran.

B.   Defendant BNSF's Exhibit List

1.   BNSF Railway Recap of all charges reflecting revised figure of $419,289.65 for claimed damages.

2.   Revised calculations for use tax and material handling.

3.   Revised calculations for recovered material credit.

4.   Close out report, Topeka System Maintenance Terminal.

5.   Locomotive exceptions; Unit DIC (dead in consist) report reflecting transportation and repair; BNSF 112.

6.   Train delay printout.

28

7. Emails reflecting labor and material repair regarding Barstow locomotive.

8. Summary calculations for maintenance of way, labor charges.

9. Labor charges by AFE.

10. Material costs by AFE.

11. Invoice payments summary.

12. Invoices paid to MP Environmental Services, Inc., Mainline Equipment, Hulcher Services, Inc., Callowbed Services Inc. and Bridgewater Equipment, Inc.

13. Locomotive BNSF 112 repair itemization, Topeka (locomotives-damaged).

14. Locomotive BNSF 160 repair itemization, Barstow (locomotives-damaged).

15. Locomotives transportation to repair shops detail.

16. Locomotive monthly minimum mileage cost.

17. Locomotive loss of use/opportunity summary.

18. Train/locomotive delay summary.

19. Amtrak incentives lost, summary plus train detail reports.

20. Loss of locomotive fuel detail.

21. BNSF Railway billable labor overhead definitions and percentages (Engineering Department) (MoW, Signal, B&B) (2007 Base Year).

22. BNSF Railway billable labor overhead definitions and percentages (Mechanical Department) (2007 base year).

23. Total loss of use and opportunity cost based on contribution from railway operations per horsepower hour for year

1  2007.

2      24.  BNSF Railway average crew wages using 2006 data.

3      25.  The BNSF Railway Company, train delay cost, train hour

4  cost per road freight train hour, 2006 annual expenses and

5  statistics.

6      26.  United Healthcare statement of medical payments made

7  for Victor Baca.

8      27.  United Healthcare statement of medical payments made

9  for Gerardo Urzua.

10     28.  United Healthcare statement of medical payments made

11 for Phil Patterson.

12     29.  Accident scene sketch 5/30/08, M. Koogler.

13     30.  Traffic collision report #2008 05 0063 5/28/08,

14 including diagrams.

15     31.  Multidisciplinary accident investigation team report

16 #2008 05 0063, including charts, photos and diagrams.

17     32.  BNSF photos of gate, scene, quad, train and related

18 matters.

19     33.  Amtrak Groups A-E, photos of scene, train and related

20 matters.

21     34.  Burton Olson photos of scene, train, vehicle and

22 related matters.

23     35.  CHP photos of scene, train, vehicle and related

24 matters.

25     36.  CHP (MAIT) photos of vehicle and related matters.

26     37.  Advance payment documents to BNSF employees.

27          a.   Gerry Urzua $8,850;

28          b.   Victor Baca $11,500;

1          c.   Phil Patterson $38,275.

2     38.  Report of inspection, 5/28/08, A. Moeno, BNSF
3 locomotive 160.

4     39.  Report of inspection, 5/28/08, A. Moeno, BNSF
5 locomotive 112.

6     40.  BNSF daily performance report, 5/28/08.

7     41.  BNSF event log 5/28/08.

8     42.  BNSF 112 locomotive records, including locomotive work
9 report history.

10     43.  BNSF 160 locomotive records, including locomotive work
11 report history.

12     44.  Burton Olson documents BOT #0001-9254.

13     45.  James Flynn exhibits.

14     46.  V. Paul Herbert exhibits.

15     47.  E.M. Tharp document, vehicle condition history.

16     48.  E.M. Tharp documents, workman's time, ticket & record.

17     49.  E.M. Tharp documents, labor reconciliation 5/10-15/08.

18     50.  E.M. Tharp documents, repair order PR 70000.

19     51.  E.M. Tharp documents, mechanic notes PR 70000.

20 C.   Burton Olson's and Martinez's Exhibit List.

21     1.   AMTRAK - appraisal systems group - damage report.

22     2.   AMTRAK - loss of use calculations.

23     3.   AMTRAK - car repair quotes.

24     4.   Photos of crossing arm post accident.

25     5.   FRA track inspection records, 1/1/07-5/29/08.

26     6.   Truck collision supplemental report.

27     7.   Crossing inventory information.

28     8.   Highway-rail grade crossing incident report.

31

1    9.   General track bulletin.

2    10.  BNSF slow order report, 5/28/08.

3    11.  Evidence tag report, 4/28/09.

4    12.  Resource operations center ticket report, 5/28/08.

5    13.  Signal ticket report, 5/28/08.

6    14.  BNSF inspection reports.

7    15.  BNSF track chart - Bakersfield subdivision.

8    16.  General release agreement.

9    17.  FRA accident report AMTRAK BNSF, 5/28/08

10   18.  Lew Grill report, 12/10/10.

11   19.  Paul Herbert report, 12/21/10.

12   20.  J2 engineering report.

13   21.  Appraisal report, 8/18/08.

14   22.  SEA, Inc. report, 12/10/10.

15   23.  Doug Morgan report, 1/14/11.

16   D.   E.M. Tharp's Exhibit List.

17   1.   May 17, 2008 E.M. Tharp, Inc. "Reprint Customer

18   Invoice," Repair Order No. PR 70000.

19   2.   E.M. Tharp, Inc. Repair Order Summary re 89 Peterbilt,

20   Serial No. 286979.

21   3.   E.M. Tharp, Inc. mechanic notes, re repair order no.

22   70000.

23   4.   May 13, 2008 E.M. Tharp, Inc. front end alignment

24   results re work order PR70000.

25   5.   E.M. Tharp, Inc. air conditioning checklist.

26   6.   April 4, 2008 E.M. Tharp, Inc. "Reprint Customer

27   Invoice," repair order No. PR69518.

28   7.   April 2, 2008 E.M. Tharp, Inc. description of repairs

32

1   re unit no. 505.

2       8.   April 2, 2008 E.M. Tharp, Inc. mechanic labor
3   description re PR69518.

4       9.   E.M. Tharp, Inc. mechanic notes dated "4-2" re clutch
5   adjustment.

6       10.  April 2, 2008 E.M. Tharp, Inc. "Review" re repair order
7   no. PR69518.

8       11.  May 8, 2008 E.M. Tharp, Inc. description of repairs re
9   unit no. 505.

10      12.  May 8, 2008 E.M. Tharp, Inc. mechanic labor description
11  re PR 70000.

12      13.  May 8, 2008 through May 14, 2008 E.M. Tharp, Inc.
13  mechanic notes re repair order No. 70000.

14      14.  Air conditioning checklist.

15      15.  May 12, 2008 through May 13, 2008 E.M. Tharp, Inc.
16  mechanic notes re repair order no. 70000.

17      16.  June 5, 2008 MAIT Report No. 2008-05-0063.

18      17.  214 MAIT photographs as identified in the photo log of
19  the MAIT report no. 2008-05-0063, page 25.

20      18.  May 28, 2008 traffic collision report no. 2008 05 0063.

21      19.  Photographs taken by CHP Officers B. O'Dell and D.
22  Gilmore re traffic collision report no. 2008 05 0063.

23      20.  E.M. Tharp, Inc. vehicle condition history, three
24  pages.

25      21.  August 12, 2003 E.M. Tharp, Inc. "Reprint Customer
26  Invoice" re repair order no. PR46699.

27      22.  E.M. Tharp, Inc. workman's time ticket and record,
28  thirteen pages.

33

1    23.  E.M. Tharp, Inc. labor reconciliation for 5/10/08
2 through 5/15/08.

3    24.  E.M. Tharp, Inc. dba Golden State Peterbilt's response
4 to National Railroad Passenger Corporation Request for Production
5 of Documents, Set 1.

6    25.  E.M. Tharp, Inc. dba Golden State Peterbilt's Response
7 to National Railroad Passenger Corporation Request for Production
8 of Documents, Set 2.

9    26.  E.M. Tharp, Inc. dba Golden State Peterbilt's Response
10 to BNSF Railway Company's Request for Production of Documents,
11 Set 1.

12    27.  E.M. Tharp, Inc. dba Golden State Peterbilt's Responses
13 to National Railroad Passenger Corp.'s Interrogatories, Set 1.

14    28.  E.M. Tharp, Inc. dba Golden State Peterbilt's Responses
15 to National Railroad Passenger Corp.'s Interrogatories, Set 2.

16    29.  E.M. Tharp, Inc. dba Golden State Peterbilt's Responses
17 to BNSF Railway Company's Interrogatories, Set 1.

18    30.  National Railroad Passenger Corp.'s Responses to E.M.
19 Tharp, Inc.'s Interrogatories, Set 1.

20    31.  BNSF Railway Company's Responses to E.M. Tharp, Inc.'s
21 Interrogatories, Set 1.

22    32.  E.M. Tharp, Inc.'s Response to National Railroad
23 Corporation's Requests for Admission, Set 1.

24    33.  E.M. Tharp, Inc.'s Response to National Railroad
25 Corporation's Requests for Admission, Set 2.

26    34.  National Railroad Corporation's Responses to E.M.
27 Tharp, Inc.'s Request for Production of Documents, Set 1.

28    35.  Burton Olson's Response to E.M. Tharp, Inc.'s Request

34

for Production of Documents, Set 1.

36. Burton Olson's Response to National Railroad Corporation's Request for Admissions, Set 1.

37. Burton Olson's Response to E.M. Tharp, Inc.'s Interrogatories, Set 1.

38. Burton Olson's Responses to National Railroad Corporation's Interrogatories, Set 1.

39. Printout re Gunite Slack Adjuster Sales, Exhibit 8 to Lawhead deposition.

40. Parts Purchase History for Burton Olson, Exhibit 9 to Lawhead deposition.

41. Reprint of Customer Invoice, Exhibit 10 to Lawhead deposition.

42. Information Regarding Gunite Slack Adjusters Sales, Exhibit 8 to Struttman deposition.

43. Parts purchase history for Burton Olson, Exhibit 9 to Struttman deposition.

44. March 15, 2005 reprint customer invoice, Exhibit 10 to Struttman deposition.

45. Select voucher invoices, Exhibits 2-A through 2-F to Miller deposition.

46. Investigation techniques for a vehicle/train collision, Exhibit A to Lehner deposition.

47. E.M. Tharp repair order, Exhibit C to Willbanks deposition.

48. Repair printout, Exhibit D to Willbanks deposition.

49. Burton Olson document production, Exhibit E to Willbanks deposition.

1    50.   CHP Safetynet driver/vehicle inspection report,

2  4320696, Exhibit F to Willbanks deposition.

3    51.   Inspection form, 32' end dump, Exhibit I to Willbanks

4  deposition.

5    52.   Inspection form, end dump #ABC5631, Exhibit I to

6  Willbanks deposition.

7    53.   Inspection form, 32' end dump, Exhibit J to Willbanks

8  deposition.

9    54.   Driver's daily log, May 5, 2008, Exhibit K to Willbanks

10  deposition.

11    55.   Truck and/or tractor maintenance & safety inspection,

12  including two auto repair orders, Exhibit L to Willbanks

13  deposition.

14    56.   BIT program administrative review, December 6, 2006,

15  Exhibit M to Willbanks deposition.

16    57.   Safety compliance report/terminal record update,

17  November 30, 2004, Exhibit N to Willbanks deposition.

18    58.   Driver and field work orientation and training log,

19  Exhibit O to Willbanks deposition.

20    59.   Burton Olson Trucking's order of sale practice, Exhibit

21  P to Willbanks deposition.

22    60.   Initial safety training log, Exhibit Q to Willbanks

23  deposition.

24    61.   Powell's Garage Auto Repair order, August 17, 2006,

25  Exhibit R to Willbanks deposition.

26    62.   Truck and/or tractor maintenance & safety inspection,

27  Exhibit S to Willbanks deposition.

28    63.   Truck and/or tractor maintenance & safety inspection,

Exhibit T to Willbanks deposition.

64.  Inspection log, Exhibit U to Willbanks deposition.

65.  Powell's Garage Auto Repair order, January 19, 2008 and January 22, 2008, Exhibit V to Willbanks deposition.

66.  Driver's vehicle inspection report, December 2, 2003, Exhibit W to Willbanks deposition.

67.  Driver's vehicle inspection report, August 7, 2003, Exhibit X to Willbanks deposition.

68.  Lubrication and inspection report, Exhibit Y to Willbanks deposition.

69.  Lubrication and inspection report, Exhibit Y to Willbanks deposition.

70.  Inspection log, Exhibit Z to Willbanks deposition.

71.  Inspection log, Exhibit Z-1 to Willbanks deposition.

72.  Lubrication and inspection report, Exhibit Z-2 to Willbanks deposition.

73.  Full service form, work order #13061, Exhibit Z-3 to Willbanks deposition.

74.  MAIT report, Exhibit A to Sprinkman deposition.

75.  Sprinkman CV, Exhibit B to Sprinkman deposition.

76.  CD of photos, Exhibit D to Sprinkman deposition.

77.  E.M. Tharp Rule 26 documents 1-27, Exhibit 1 to LeGette deposition.

78.  Two photographs of tractor, Exhibit 2 to LeGette deposition.

79.  Sketch, Exhibit 3 to LeGette deposition.

80.  "B" service checklist, Exhibit 4 to LeGette deposition.

81.  35-Point vehicle inspection, Exhibit 5 to LeGette

1   deposition.

2       82.  BIT safety inspection, Exhibit 6 to LeGette deposition.

3       83.  Annual vehicle inspection report, Exhibit 7 to LeGette

4   deposition.

5       84.  MAIT report, Exhibit 8 to LeGette deposition.

6       85.  Drivers license information, Exhibit A to Martinez

7   deposition.

8       86.  November 27, 2007 drivers daily log, Exhibit C to

9   Martinez deposition.

10      87.  November 21, 2007 drivers daily log, Exhibit D to

11  Martinez deposition.

12      88.  Lazaro Pita business card, Exhibit E to Martinez

13  deposition.

14      89.  Load assignments, Exhibit F to Martinez deposition.

15      90.  Google maps photo of incident location, Exhibit G to

16  Martinez deposition.

17      91.  Google maps photo of incident location, Exhibit H to

18  Martinez deposition.

19      92.  Photographs of incident, Exhibits A through E to O'Dell

20  deposition.

21      93.  Incident photographs, Exhibits A through C to Gilmore

22  deposition.

23      94.  E.M. Tharp Rule 26 documents, Exhibit 1 to Landstrom

24  deposition.

25      95.  Photograph of Burton Olson tractor, Exhibit 2 to

26  Landstrom deposition.

27      96.  Sketch, Exhibit 3 to Landstrom deposition.

28      97.  "B" service checklist, Exhibit 4 to Landstrom

1    deposition.

2       98.  35-point vehicle inspection, Exhibit 5 to Landstrom

3    deposition.

4       99.  BIT safety inspection, Exhibit 6 to Landstrom

5    deposition.

6       100. Annual vehicle inspection report, Exhibit 7 to

7    Landstrom deposition.

8       101. MAIT report, Exhibit 8 to Landstrom deposition.

9       102. 72 photographs by Rickey Stansifer, SEA Limited, on

10   October 23, 2008.

11      103. Burton Olson 1989 Peterbilt file.

12      104. Burton Olson 1984 Fruehauf file.

13      105. Burton Olson 1978 8 point dolly file.

14      106. File of Lew Grill.

15      107. Report of Lew Grill.

16      108. C.V. of Lew Grill.

17      109. File of Ashley Dunn, Ph.D.

18      110. Report of Ashley Dunn, Ph.D.

19      111. C.V. of Ashley Dunn, Ph.D.

20      112. File of Jim Flynn.

21      113. Report of Jim Flynn.

22      114. File of V. Paul Herbert, C.P.S.A.

23      115. Report of Douglas B. Morgan.

24      116. File of Douglas B. Morgan.

25      117. File of Charles Yeaser.

26      118. Report of Charles Yeaser.

27      119. All exhibits attached to the deposition of Burton

28   Olson.

1    120. All exhibits attached to the deposition of Sharon
2    Olson.
3    121. All exhibits attached to the deposition of Eric
4    Metzler.
5    122. Audel Renteria driver's daily logs.
6    123. Jose Rosas driver's daily logs.
7    124. David Cebella driver's daily logs.
8    125. Burton Olson driver's daily logs.
9    126. Humberto Perez driver's daily logs.
10   127. Johnny Navarelle driver's daily logs.
11   128. Rene Beltran driver's daily logs.
12   129. Thomas Zuniga driver's daily logs.
13   130. Randy Harless driver's daily logs.
14   131. Arturo Rodriguez driver's daily logs.
15   132. Mike Munoz driver's daily logs.
16   133. Robert Powell driver's daily logs.
17   134. Teresa Atkins driver's daily logs.
18   135. Arturo Godinez driver's daily logs.
19   136. Seberino Picano driver's daily logs.
20   137. Juan Graciano driver's daily logs.
21   138. Brent Anderson driver's daily logs.
22   139. Donecio Rodriguez driver's daily logs.
23   140. Craig Pettyjohn driver's daily logs.
24   141. Rick Ontiveras driver's daily logs.
25   142. John Willbanks driver's daily logs.
26   143. Jose Martinez driver's daily logs.
27   144. Burton Olson's E.M. Tharp file.
28   145. Burton Olson's E.M. Tharp file 06.

1       146. Burton Olson's E.M. Tharp file 07.

2       147. Burton Olson's E.M. Tharp file 08.

3       148. Driver's vehicle inspection records 4-08 to 8-08.

4       149. Burton Olson's Robert Powell file 08.

5       150. Burton Olson's Robert Powell file #2.

6       151. Burton Olson's Robert Powell file 05.

7       152. Burton Olson's Reedley Truck & Trailer file 06.

8       153. Burton Olson's Viking Trailer file 05.

9       154. Burton Olson's Viking Trailer file 06.

10      155. Burton Olson's "BIT" CHP file.

11                     XI.   DISCOVERY DOCUMENTS

12          Only specifically designated discovery requests and

13      responses will be admitted into evidence.  Any deposition

14      testimony shall be designated by page and line and such

15      designations filed with the Court on or before March 2, 2011.

16      The opposing party shall counter-designate by line and page from

17      the same deposition and shall file written objections to any

18      question and answer designated by the opposing party and filed

19      with the court on or before March 14, 2011.

20          Written discovery shall be identified by number of the

21      request.  The proponent shall lodge the original discovery

22      request and verified response with the courtroom deputy one day

23      prior to trial.  The discovery request and response may either be

24      read into evidence, or typed separately, marked as an exhibit, as

25      part of the exhibit marking process, and offered into evidence.

26          1.    Angle, James deposition taken on 12/15/10.

27          2.    Dunn, Ashley deposition taken on 01/26/11.

28          3.    Flynn, Jim deposition will be taken on 02/09/11.

1      4.   Gilmore, Damon deposition taken on 09/16/10

2      5.   Grill, Lew deposition taken on 02/04/11

3      6.   Guillen, Ezekiel deposition taken on 08/30/10.

4      7.   Herbert, Paul deposition will be taken on 02/17/11.

5      8.   Landstrom, Jeffrey deposition taken on 09/17/10.

6      9.   Lawhead, William deposition taken on 11/11/10.

7      10.  LeGette, William deposition taken on 09/17/10.

8      11.  Lehner, Jared deposition taken on 08/31/10.

9      12.  Martinez, Jose Juan deposition taken on 08/05/10,

10   09/15/10, 09/16/10.

11     13.  Metzler, Eric deposition taken on 11/11/10.

12     14.  Miller, Nancy J. deposition taken on 12/02/10.

13     15.  Morgan, Douglas deposition will be taken on 02/15/11.

14     16.  O'Dell, Bill deposition taken on 08/31/10.

15     17.  Olson, Burton deposition taken on 10/12/10.

16     18.  Olson, Sharon deposition taken on 10/12/10.

17     19.  Profera, Steven S. deposition taken on 08/30/10.

18     20.  Sprinkman, Albert Marvin deposition taken on 08/30/10.

19     21.  Struttman, Mary Jo deposition taken on 11/15/10.

20     22.  Willbanks, John M. deposition taken on 08/06/10,

21   09/15/10.

22     23.  Yeaser, Charles deposition will be taken on 02/16/11.

23                    XII.   STIPULATIONS

24     1.   None.

25                XIII.   AMENDMENTS - DISMISSALS

26     1.   No amendments to the pleadings, dismissals, additions

27   or substitutions of parties, or dispositions as to defaulting

28   parties are expected or requested at this time.

XIV.   FURTHER TRIAL PREPARATION

A.   <u>Trial Briefs.</u>

Counsel are directed to file a trial brief in this matter on or before March 19, 2011.  No extended preliminary statement of facts is required.  The brief should address disputed issues of substantive law, disputed evidentiary issues of law that will not be resolved <u>in</u> <u>limine</u>, and any other areas of dispute that will require resolution by reference to legal authority.

B.   <u>Duty of Counsel To Pre-Mark Exhibits</u>.

1.   Counsel for the parties are ordered to meet and conduct a joint exhibit conference on March 1, 2011, at a time and place to be agreed upon by the parties, for purposes of pre-marking and examining each other's exhibits and preparing an exhibit list. All joint exhibits will be pre-marked JX1000-JX2000; all of plaintiff Amtrak's exhibits will be pre-marked with numbers 1-200; all of BNSF's exhibits will be pre-marked with numbers 201-400; all of Burton Olson Trucking Company's and Jose Martinez's exhibits will be pre-marked with numbers 401-600; all of E.M. Tharp, Inc.'s exhibits will be pre-marked with numbers 601-900.

2.   Each and every page of each and every exhibit shall be individually Bates-stamped for identification purposes, and paginated with decimals and arabic numerals in seriatim; i.e., 1.1, 1.2, 1.3 . . ..

3.   Following such conference, each counsel shall have possession of four (4) complete, legible sets of exhibits, for use as follows:

a.   Two (2) sets to be delivered to the Courtroom Deputy Clerk, Renee Gaumnitz, no later than 4:00 p.m. on March

43

1   24, 2011, an original for the court and one for the witness.

2       b.   One (1) set to be delivered to counsel for the
3   opposing party and one (1) set to be available for counsel's own
4   use.

5       4.   Counsel are to confer to make the following
6   determination as to each of the exhibits proposed to be
7   introduced into evidence and prepare separate indexes, one
8   listing joint exhibits, one listing each party's exhibits:

9       a.   Joint exhibits, i.e., any document which both
10  sides desire to introduce into evidence, will be marked as a
11  joint exhibit (JX), and numbered JX1-___.   Joint exhibits shall
12  be listed as such in the exhibit list in a column that notes they
13  are admitted into evidence without further foundation;

14      b.   As to any exhibit, not a joint exhibit, to which
15  there is no objection to its introduction into evidence, the
16  exhibit will be marked as Plaintiff's Exhibit ___, or Defendant's
17  Exhibit ___ in evidence, and will be listed in the exhibit list
18  as the exhibit of the offering party;

19      c.   The exhibit list shall include columns for noting
20  objections to exhibits.   The first column will list any
21  objections as to foundation; i.e., Plaintiff's Foundation 2 –
22  "not authenticated."

23      d.   The exhibit list shall include a second column for
24  noting substantive objections to exhibits based on any other
25  grounds; i.e., "hearsay, improper opinion, irrelevant."

26      e.   The exhibit list shall include a description of
27  each exhibit on the left-hand side of the page, and the three
28  columns outlined above (as shown in the example below).

1

**List of Exhibits**

2                       Admitted       Objection       Other

3  Exhibit #   Description   In Evidence   To Foundation   Objection

4

5

6          f.    The completed exhibit list shall be delivered to

7  Renee Gaumnitz CRD on or before March 24, 2011, by 4:00 p.m.

8          g.    If originals of exhibits cannot be located, copies

9  may be used, however, the copies must be legible and accurate.

10 If any document is offered into evidence that is partially not

11 legible, the Court sua sponte will exclude it from evidence.

12 C.    Discovery Documents.

13     1.    Counsel shall file a list of discovery documents with

14 Renee Gaumnitz CRD at the same time and date as the witness and

15 exhibit lists are lodged with her, unless the discovery documents

16 are marked as exhibits, which counsel intend to use at trial by

17 designating by number, the specific interrogatory, request for

18 admission, or other discovery document.  Counsel shall comply

19 with the directions of subsection XII (above) for introduction of

20 the discovery document into evidence.

21 D.    Motions In Limine.

22     1.    The motions in limine shall be filed by March 2,

23 2011, and any responses shall be filed by March 14, 2011.  The

24 Court will conduct a hearing on motions in limine in this matter

25 on March 17, 2011, at 12:00 p.m. in Courtroom 3, Seventh Floor,

26 before the Honorable Oliver W. Wanger United States District

27 Judge, at which time all evidentiary objections, to the extent

28 possible, will be ruled upon, and all other matters pertaining to

the conduct of the trial will be settled.

E.    Trial Documents.

    1.    Exhibits To Be Used With Witness.  During the trial of the case, it will be the obligation of counsel to provide opposing counsel not less than forty-eight hours before the witness is called to the witness stand, the name of the witness who will be called to testify and to identify to the Court and opposing counsel any exhibit which is to be introduced into evidence through such witness that has not previously been admitted by stipulation or court order or otherwise ruled upon, and to identify all exhibits and other material that will be referred to in questioning of each witness.  If evidentiary problems are anticipated, the parties must notify the court at least twenty-four hours before the evidence will be presented.

F.    Counsel's Duty To Aid Court In Jury Voir Dire.

    1.    Counsel shall submit proposed voir dire questions, if any, to Renee Gaumnitz CRD at rgaumnitz@caed.uscourts.gov on or before March 24, 2011, by 4:00 p.m.  Counsel shall also prepare a joint "statement of the case" which shall be a neutral statement, describing the claims and defenses for prospective jurors, to be used in voir dire.

    2.    In order to aid the court in the proper voir dire examination of the prospective jurors, counsel are directed to lodge with the Court the day before trial a list of the prospective witnesses they expect to call if different from the list of witnesses contained in the Pre-Trial Order of the Court. Such list shall not only contain the names of the witnesses, but their business or home address to the extent known.  This does

1    not excuse any failure to list all witnesses in the Pre-Trial
2    Order.

3        3.   Counsel shall jointly submit, to Renee Gaumnitz CRD the
4    Friday before trial, a neutral statement of the claims and
5    defenses of the parties for use by the court in voir dire.

6    G.   Counsel's Duty To Prepare And Submit Jury Instructions.

7        1.   All proposed jury instructions shall be filed and
8    served on or before March 25, 2011, by 4:00 p.m.  Jury
9    instructions shall be submitted in the following format.

10        2.   Proposed jury instructions, including verdict forms,
11   shall be submitted via e-mail to dpell@caed.uscourts.gov
12   formatted in WordPerfect for Windows X3.  Counsel shall be
13   informed on all legal issues involved in the case.

14        3.   The parties are required to jointly submit one set of
15   agreed upon jury instructions.  To accomplish this, the parties
16   shall serve their proposed instructions upon the other fourteen
17   days prior to trial.  The parties shall then meet, confer, and
18   submit to the Court the Friday before the trial is to commence,
19   one complete set of agreed-upon jury instructions.

20        4.   If the parties cannot agree upon any instruction, they
21   shall submit a supplemental set of instructions designated as not
22   agreed upon by March 25, 2011, by 4:00 p.m.

23        5.   Each party shall file with the jury instructions any
24   objection to non-agreed upon instructions proposed by any other
25   party.  All objections shall be in writing and shall set forth
26   the proposed instruction objected to in its entirety.  The
27   objection should specifically set forth the objectionable matter
28   in the proposed instruction and shall include a citation to legal

1  authority explaining the grounds for the objection and why the

2  instruction is improper.  A concise statement of argument

3  concerning the instruction may be included.  Where applicable,

4  the objecting party shall submit an alternative proposed

5  instruction covering the subject or issue of law.

6      6.   Format.  The parties shall submit one copy of each

7  instruction.  The copy shall indicate the party submitting the

8  instruction, the number of the proposed instruction in sequence,

9  a brief title for the instruction describing the subject matter,

10 the test of the instruction, the legal authority supporting the

11 instruction, and a legend in the lower lefthand corner of the

12 instruction: "Given," "Given As Modified," "Withdrawn" and

13 "Refused" showing the Court's action with regard to each

14 instruction and an initial line for the judge's initial in the

15 lower right-hand corner of the instruction.  Ninth Circuit Model

16 Jury Instructions should be used where the subject of the

17 instruction is covered by a model instruction.

18     7.   All instruction should be short, concise,

19 understandable, and neutral statements of the law.  Argumentative

20 or formula instructions will not be given, and should not be

21 submitted.

22     8.   Parties shall, by italics or underlining, designate any

23 modifications of instructions from statutory authority, or any

24 pattern instruction such as the Model Circuit Jury Instructions

25 or any other source of pattern instructions, and must

26 specifically state the modification made to the original form

27 instruction and the legal authority supporting the modification.

28     9.   Proposed verdict forms shall be jointly submitted or if

48

1  the verdict forms are unagreed upon, each party shall submit a

2  proposed verdict form.  Verdict forms shall be submitted to the

3  Courtroom Deputy Clerk on the first day of the trial.

4      10.  Failure to comply with these rules concerning the

5  preparation and submission of instructions and verdict forms may

6  subject the non-complying party and/or its attorneys to

7  sanctions.

8                XV.  USE OF LAPTOP COMPUTERS/POWERPOINT FOR

9                   PRESENTATION OF EVIDENCE

10     1.  If counsel intends to use a laptop computer for

11 presentation of evidence, they shall <u>contact Renee Gaumnitz CRD</u>

12 <u>at least one week prior to trial</u>.  The Courtroom Deputy Clerk

13 will arrange a time for any attorney to bring any laptop to be

14 presented to someone from the Court's Information Technology

15 Department, who will provide brief training on how the parties'

16 electronic equipment interacts with the court's audio/visual

17 equipment.  If counsel intend to use PowerPoint, the resolution

18 should be set no higher than 1024 x 768 when preparing the

19 presentation.

20     2.  ALL ISSUES CONCERNING AUDIO-VISUAL MATERIALS AND

21 COMPUTER INTERFACE WITH THE COURT'S INFORMATION TECHNOLOGY SHALL

22 BE REFERRED TO THE COURTROOM DEPUTY CLERK.

23               XVI.  FURTHER DISCOVERY OR MOTIONS

24     1.  The parties shall conclude expert discovery on or

25 before March 15, 2011.

26                   XVII.  SETTLEMENT

27     1.  The parties mediated this case on January 27-28, 2011

28 with James Dilling.  The case did not settle.

1      2.    Defendants Burton Olson and Martinez have $750,000

2   available in policy limits and offered this full amount at

3   mediation to settle both the State and Federal actions.  To date,

4   Mediator James Dilling, is still undergoing negotiations with the

5   parties involved.  Once settlement has been reached, we

6   anticipate a motion for good faith settlement will have to be

7   filed.  As part of this settlement, Burton Olson and Martinez

8   have agreed to continue to participate in this matter through

9   trial.

10                 XVIII.   SEPARATE TRIAL OF ISSUES

11      1.    None.

12           XIX.   IMPARTIAL EXPERTS, LIMITATIONS OF EXPERTS

13      1.    None.

14                    XX.   ATTORNEYS' FEES

15      1.    No party is seeking attorney's fees in this matter.

16                 XXI.   ESTIMATE OF TRIAL TIME

17      1.    Twelve days.

18                    XXII.   TRIAL DATE

19      1.    March 29, 2011, at 9:00 a.m., in Courtroom 3, on the

20   Seventh Floor.

21      XXIII.   NUMBER OF JURORS AND PEREMPTORY CHALLENGES

22      1.    This will be an eight person jury.  Each party shall

23   have four peremptory challenges.  There are three sides, two

24   Plaintiffs and two Defendants.

25             XXIV.   AMENDMENT OF FINAL PRETRIAL ORDER

26      1.    The Final Pretrial Order shall be reviewed by the

27   parties and any corrections, additions, and deletions shall be

28   drawn to the attention of the Court immediately.  Otherwise, the

                                    50

Final Pretrial Order may only be amended or modified to prevent manifest injustice pursuant to the provisions of Fed. R. Civ. P. 16(e).

### XXV.   MISCELLANEOUS

1.   None.


IT IS SO ORDERED.

Dated:   February 16, 2011                    /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE